IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATION FONDS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF PARK CITY UTAH,<br><br>and<br><br>UNITED PARK CITY MINES CO.<br><br>Defendants. | ORDER<br><br>Case No.  2:04CV925DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the Court is Plaintiffs/Counterclaim Defendants Stichting Mayflower Mountain Fonds and Stichting Mayflower Recreational Fonds' ("Stichting Mayflower") Motion to Determine Sufficiency of Responses, Objections.  The Court has carefully reviewed the memoranda and pursuant to Utah local rule 7-1(f) elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

Stichting Mayflower contends that Defendant/Counterclaim Plaintiff United Park City Mines Company's ("UPMC") Answers to Request for Admissions are insufficient for failure to properly object or respond.  UPMC, however, asserts that Stichting Mayflower's motion must be

denied because (1) counsel failed to comply with the "meet and confer" requirements of the local rules and (2) its Requests for Admission are improper because they are an attempt to combine the Federal Rules of Civil Procedure's Rule 33 interrogatories with Rule 36 requests for admission.

The Court agrees that counsel for Stichting Mayflower should have complied with the requirements of DUCivR 37-1(a) prior to filing this motion and urges counsel to do so in the future. The Court also recognizes that interrogatories and requests for admission are "not interchangeable procedures designed for the same purpose," *Advanta Nat'l Bank v. Kurtz*, 213 B.R. 253, 257 (Bankr. N.D.N.Y. 1997), and that requests for admissions and interrogatories are typically set forth separately. Thus, Stichting Mayflower should have either (1) set forth its requests for admission as a separate document from its interrogatories or (2) specified which items were requests for admissions and which items were interrogatories if combined in the same document. This, however, does not defeat Stichting Mayflower's motion. While Stichting Mayflower did fail to specify which items were requests for admissions and which items were interrogatories, the Court concludes that the subparts of each request for admission should be treated as a separate interrogatory by UPMC and counted toward the maximum number of interrogatories allowed by the scheduling order.

Accordingly, the Court orders UPMC to treat the subparts of each Request for Admission as an interrogatory and to provide answers to Stichting Mayflower by May 11, 2006. The Court also finds that UPMC has properly answered Stichting Mayflower's requests for admission by admitting or denying each request. Based on the foregoing, Stichting Mayflower's motion

[docket #75] is GRANTED IN PART and DENIED IN PART.

DATED this 14th day of April, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge