**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATION FONDS,** | |
| **Plaintiffs,** | **ORDER** |
| **vs.** | |
| **THE CITY OF PARK CITY UTAH,** | **Case No.  2:04CV925DAK** |
| **and** | |
| **UNITED PARK CITY MINES CO.** | |
| **Defendants.** | |

This matter is before the court on several motions: (1) Plaintiff's Renewed Motion for Summary Judgment; (2) Defendant United Park City Mines, Co.'s ("UPCM") Motion for the Entry of Sanctions Against Stichting Mayflower Pursuant to Rule 37(b)(2); (3) UPCM's Motion for Entry of Award and Judgment for Attorney Fees and Costs Pursuant to Order of the Tenth Circuit Court of Appeals; (4) Defendant Park City's Motion for Entry of Order Awarding Attorneys' Fees and Costs Pursuant to Order of  Court of Appeals; (5) United Park City Mines' Speaking Motion to Strike Stichting's Sur-Response of July 23, 2007 Re: United Park's Motion for Entry of Judgment of Attorneys Fees Costs and Damages.  Plaintiff also filed a request for hearing on its renewed motion for summary judgment on UPCM's counterclaim.  The court, however, does not believe that a hearing would substantially aid its determination of the motion. Accordingly, the court enters the following order based on the materials submitted by the parties

and the law and facts relevant to the pending motions.

## DISCUSSION

### Stichting Mayflower's Renewed Motion for Summary Judgment

Stichting Mayflower moves the court for summary judgment on UPCM's counterclaim. The court denied Stichting Mayflower's first motion for summary judgment on August 29, 2005, and its motion for reconsideration on November 29, 2005. Stichting Mayflower attempted to appeal that denial, but the appeal was found to be untimely. Prior to the Tenth Circuit's dismissal of the appeal, Stichting Mayflower sought final judgment from this court on the grounds that the counterclaims were without merit. On February 6, 2006, the court denied Stichting Mayflower's motion and ordered discovery to proceed.

The parties dispute the extent of discovery that has occurred. Stichting Mayflower takes issue with the discovery extensions that have been granted by the court and delays. However, the extensions were granted and delays occurred as a result of the interlocutory appeal taken by Stichting Mayflower. The appeal raised issues with respect to whether the parties should continue with discovery at the district court level.

Stichting Mayflower itself objected to conducting discovery because it claimed that this court lost jurisdiction when it filed its appeal. In June of 2006, this court granted a motion to compel because Stichting Mayflower had not adequately responded to pending discovery requests served on it by UPCM. Again in January of 2007, this court affirmed its order on the motion to compel but did not award sanctions for Stichting Mayflowers refusal to answer discovery because it had a pending motion to reconsider. On March 1, 2007, UPCM filed a demand that Stichting Mayflower produce discovery pursuant to the court's June 2006 order on the motion to compel. On April 2, 2007, this court received the mandate from the Tenth Circuit

dismissing Stichting Mayflower's appeal.  On April 23, 2007, Stichting Mayflower filed this renewed motion for summary judgment.  The court does not find that Stichting Mayflower has been prejudiced by any of the extensions to discovery that have been allowed nor has it been prejudiced by any delays.

 The court previously ruled that UPCM's could not bring an action based on privileged statements made by Stichting Mayflower at city meetings.  The court allowed discovery to proceed on the counterclaim to the extent that it was based on unprivileged conduct.  Stichting Mayflower contends that there are no witnesses or evidence that can be produced in support of the remaining portion of UPCM's counterclaim.

UPCM states that its ability to receive discovery has been hampered by Stichting Mayflower.  Nonetheless, in response to Stichting Mayflower's discovery, UPCM listed East West Partners, Inc. as a party whose business was affected by Stichting Mayflower's actions and it listed Stichting Mayflower's posting of a road sign on S.R. 224 stating that the road may be subject to immediate, permanent termination of use as an attempt to interfere with its business.

Stichting Mayflower first refuses to acknowledge these responses and then takes issue with whether such evidence supports UPCM's counterclaim.  The factual dispute regarding whether this evidence supports the counterclaim, however, precludes summary judgment. In addition, there is no requirement that this information needed to be pled in UPCM's claim. Factual support for claims that are discovered during the discovery period are appropriate evidence to support a party's claim.  In contrast to Stichting Mayflower's assertions, the court has not allowed UPCM to conduct endless discovery to support its counterclaim.  However, to the extent that UPCM has presented evidence relevant to the counterclaim, Stichting Mayflower has failed to demonstrate that the evidence is immaterial and that it is entitled to judgment as a matter

of law.  Therefore, Stichting Mayflower's renewed motion for summary judgment is denied.

**UPCM's Motion for Sanctions Against Stichting Mayflower Pursuant to Rule 37(b)(2)**

UPCM argues that Stichting Mayflower has inadequately answered its discovery requests and failed to produce any documents.  Therefore, UPCM seeks as a sanction default judgment or an order precluding Stichting Mayflower from offering opposing evidence that it did not intentionally and wrongly obstruct and thwart UPCM's development of its Empire Pass properties.  Stichting Mayflower contends that its responses were made separately pursuant to the court's order, some information is forbidden to be disclosed by Dutch law, and some requests produced no evidence.

The court concludes that the sanction of default judgment is too harsh for the conduct in this case.  To the extent that Stichting Mayflower is not turning over materials based on Dutch law, it should have moved for a protective order on the issue or UPCM should have filed another motion to compel.  Stichting Mayflower does not cite to applicable Dutch law or provide enough analysis of the issue for this court to rule on the issue.  The issue should be fully briefed and decided by Magistrate Judge Warner, the magistrate judge assigned to hear discovery disputes in this matter.

With respect to inadequate responses and document productions, there is no demonstration that there is evidence that is not being turned over.  The court does, however, agree with UPCM that it is not appropriate for Stichting Mayflower to narrowly define "interference" in an attempt to avoid discovery.  The discovery rules are intended to reach evidence that may lead to discoverable evidence.  A party is not allowed to unilaterally narrow its discovery obligations.  Although it is unclear whether Stichting Mayflower has actually avoided discovery as a result of this limited definition of interference, the court strikes those objections

and responses and orders Stichting Mayflower to review its responses and disclose information and documents responsive to the requests.

## Motions for Award of Attorney Fees and Costs

The Tenth Circuit found that Stichting Mayflower's appeal was frivolous and directed this court to award the appropriate amount of attorney fees and costs. Both UPCM and Park City have filed motions for attorney fees and costs. UPCM seeks $120,592.33 in attorney fees and costs, and Park City seeks $53,553.96 in attorneys fees and costs.

On November 30, 2005, Stichting Mayflower filed a notice of appeal with respect to this court's August 29, 2005 Order. Not only was the court's August 29, 2005 Order not dispositive of the entire action, Stichting Mayflower had a pending motion to dismiss that it filed on August 30, 2005, the day after the court's order on the motions for summary judgment. Both Park City and UPCM informed Stichting Mayflower by letter that its notice of appeal was premature and inappropriate. Stichting Mayflower proceeded with the appeal.

On December 12, 2005, Park City filed with the Tenth Circuit a Motion to Dismiss the Entire Case for Lack of Appellate Jurisdiction. On January 3, 2006, Park City also filed a Motion for Damages, Attorneys' Fees and Double Costs. On January 9, 2006, UPCM filed a Motion to Dismiss for Lack of Jurisdiction in the Tenth Circuit. Also on January 9, 2006, the Tenth Circuit issued an order tolling briefing on the appeal because this court's August 29, 2005 order was not final or immediately appealable and advising Stichting Mayflower that it was required to obtain an appealable order. Stichting Mayflower then filed a motion for final judgment in this court, which this court denied on February 6, 2006.

On February 9, 2006, Stichting Mayflower sent a letter to the Tenth Circuit stating that this court's February 6, 2006 Order was "dispositive" of the motions to dismiss and motions for

sanctions "because the District Court has now definitively characterized its Order of August 29, 2005 as final under the law of this Circuit and the United States Supreme Court." On February 14, 2006, UPCM filed a Supplemental Memorandum on Sanctions in Response to Stichting Mayflowers' February 9, 2006 Contemptuous and Frivolous Letter to the Tenth Circuit Clerk. On May 12, 2006, the Tenth Circuit entered its order reserving judgment on the motions to dismiss and motions for sanctions filed by Park City and UPCM and directed the parties to proceed with briefing on the merits. Because the appeal proceeded on the merits, the parties were required to participate in mandatory mediation.

The Tenth Circuit agreed with UPCM and Park City that they were entitled to recover attorneys fees and costs pursuant to 28 U.S.C. § 1927 and Rule 38 of the Federal Rules of Civil Procedure. "Based on its conclusion that appellate jurisdiction is clearly lacking," the Tenth Circuit awarded reasonable fees and costs for filing a frivolous appeal. The court remanded the case to this court for a determination of attorney fees and costs and directed this court to "determine how sanctions shall be apportioned between plaintiffs and their counsel." Specifically, "if the appeal was taken upon the insistence of plaintiffs, they may be liable for a contribution to the sanctions. On the other hand, if the court finds that counsel undertook the appeal without the insistence of his clients, counsel should alone bear the costs of the sanctions."

Stichting Mayflower opposes the motions on several grounds. First, it asks this court to grant its renewed motion for summary judgment against UPCM's counterclaim nunc pro tunc. The court has already ruled that Stichting Mayflower is not entitled to summary judgment. The court also finds Stichting Mayflower's argument that it had no choice but to file an appeal in order to preserve its privilege against suit to be without merit and irrelevant. The Tenth Circuit has already found the appeal to be frivolous. Therefore, arguing the merits of its appeal is moot.

Next, Stichting Mayflower argues that Park City's attorney fees and costs should be limited to those incurred before May 12, 2006, when the Tenth Circuit deferred consideration of Park City's Motion to Dismiss and Motion for Sanctions to the panel handling the merits of the appeal and instructed the parties to proceed to brief the merits of the appeal. There is some appeal to this argument because Park City could ultimately use the briefing it submitted in a subsequent appeal. The claims against Park City have been dismissed by this court and nothing will change with respect to those claims during the ongoing litigation regarding UPCM's counterclaims. Stichting Mayflower's argument, however, is too simplistic and somewhat speculative. For example, Stichting Mayflower's argument ignores the fact that the parties were required to participate in mandatory mediation in the Tenth Circuit and will be required to participate in such mediation again in any subsequent appeal. Park City's attorneys will be required to reacquaint themselves with the issues, prepare for the mediation, attend the mediation, and address any circumstances or arguments that may arise.

While Stichting Mayflower argues that nothing will change, it does not stipulate or otherwise limit itself to the use of its own prior brief. As the appellant, if Stichting Mayflower chooses to pursue new issues or raise different legal arguments in a subsequent appeal, Park City would need to revise its briefing. The process is not perfectly static. In fact, one could not fully guarantee that there will even be a subsequent appeal. Park City not need shoulder these risks or contingencies. It availed itself of every possible procedure to prevent Stichting Mayflower's frivolous appeal. Therefore, Stichting Mayflower's arguments do not fully dispose of Park City's motion for attorney fees and costs. Recognizing that some of Park City's work will be available to it in a subsequent appeal and assuming that such an appeal will likely occur, the court grants Park City: 100 percent of its attorney fees from December 2005 to May 12, 2006; 70 percent of

its attorney fees from May 12, 2006 to February 16, 2007,[1] excluding time preparing for and participating in the Tenth Circuit's mediation; and 100 percent of its costs.[2]

Stichting Mayflower makes this same argument with respect to UPCM. Instead of making this argument in response to UPCM's motion, however, Stichting Mayflower makes the argument in response to Park City's motion. Because of a difference in the timing of the filing of Park City and UPCM's motions, therefore, Stichting Mayflower asserted the argument approximately a month after UPCM had filed its reply memorandum and the briefing on UPCM's motion was closed. Although Stichting Mayflower should have addressed this issue in its response to UPCM's motion, the court will address it. The court finds the argument even less availing with respect to UPCM because the litigation between the parties is ongoing and the nature of any subsequent appeal will necessarily be different.

Although Stichting Mayflower's claims asserted against UPCM may not change significantly, as with Park City, there is no way of speculating how Stichting Mayflower may approach the appeal at the conclusion of the proceedings in this court. UPCM also employed every procedure available to it to stop Stichting Mayflower's appeal before it progressed. Because of the many contingencies involved, the court will deduct only 20 percent of UPCM's attorney fees from May 12, 2006 to March 20, 2007, excluding time spent preparing for and participating in mediation.

_____

[1] February 16, 2007, was the date of the Tenth Circuit's Order and Judgment dismissing Stichting Mayflower's appeal for lack of jurisdiction. Fees incurred on appeal between February 16 and March 20, 2007, are awarded at one hundred percent because Stichting Mayflower's request for rehearing en banc would only address the jurisdictional issues relied upon by the Tenth Circuit in its February 16, 2007 Order and Judgment.

[2] There is no reason to assume that the costs will not be repeated in any subsequent appeal. Therefore, all costs are recoverable.

As to the reasonableness of the work conducted and fees charged, Stichting Mayflower makes no arguments with respect to the attorneys' billing rates.  The court finds that the attorneys' billing rates are consistent with the rates charged in the Salt Lake area by attorneys of similar standing and experience.  Therefore, there is no issues with respect to rates.  As to the work conducted, Stichting Mayflower does not take issue with Park City's submissions.  Stichting Mayflower, however, asserts that UPCM's work on appeal consisted only of copy-cat filings that could have been "simple joinders."   Stichting Mayflower directs the court to the dates of the parties' filings during the appeal, but it does not demonstrate that the work was similar.  The motions submitted on appeal which were attached as exhibits to the motions in this court do not appear to be duplicative.  In addition, Park City and UPCM filed their briefs on the merits on the same day.  The court finds no basis for concluding that UPCM's work on appeal was merely duplicative of Park City's.

Accordingly, the court grants Park City attorney fees in the amount of $41,278.29 and costs in the amount of $1573.86.  Therefore, the court awards Park City $42,852.15.  The court grants UPCM attorney fees in the amount of  $81,664.03, and costs in the amount of $907.82.  Therefore, the court awards UPCM total fees and costs for defending the appeal in the amount of $97,571.85.

The court also concludes that the parties are entitled to fees and costs in connection with the preparation of their current motions for fees and costs before this court.  Park City and UPCM shall submit itemized billings supporting the fees and costs associated with the current motions within fifteen days of the date of this Order.

Finally, the Tenth Circuit asked this court to determine whether such sanctions should be paid by Stichting Mayflower or its counsel.  Stichting Mayflower's response to Park City's

motion states that the appeal was undertaken at the request of plaintiffs.  The court has no other statement by Stichting Mayflower or its counsel.  This is slight evidence for determining whether the client may be liable for a contribution to the sanctions because it "insisted" on the appeal. Nonetheless, the court will accept the representations as adequate.

But in reviewing the materials submitted on appeal, the court notes that even if Stichting Mayflower insisted on the appeal, there was no reason for counsel's submission of his February 9, 2006 letter to the Tenth Circuit's Clerk of Court.  The letter blatantly mischaracterizes this court's February 6, 2006 Order, and crosses the line of professional advocacy.  No amount of pressure by a client can excuse such conduct.  Counsel's letter mischaracterizing this court's Order likely caused, or at least contributed to, the Tenth Circuit's decision to let the frivolous appeal proceed to briefing on the merits.  Accordingly, the court concludes that 10 percent of the sanctions shall be paid by counsel despite his representations that his client requested the appeal. Stichting Mayflower shall pay the remaining 90 percent of the sanctions.

## CONCLUSION

For the reasons set forth above, (1) Plaintiff's Renewed Motion for Summary Judgment is DENIED; (2) Defendant United Park City Mines, Co.'s ("UPCM") Motion for the Entry of Sanctions Against Stichting Mayflower Pursuant to Rule 37(b)(2) is GRANTED IN PART AND DENIED IN PART as discussed above; (3) UPCM's Motion for Entry of Award and Judgment for Attorney Fees and Costs Pursuant to Order of the Tenth Circuit Court of Appeals is GRANTED in the amount of $97,571.85; (4) Defendant Park City's Motion for Entry of Order Awarding Attorneys' Fees and Costs Pursuant to Order of  Court of Appeals is GRANTED in the amount of $42,852.15; (5) United Park City Mines' Speaking Motion to Strike Stichting's Sur-Response of July 23, 2007 Re: United Park's Motion for Entry of Judgment of Attorneys Fees

Costs and Damages is MOOT.  Park City and UPCM shall submit their supporting

documentation for fees and costs in connection with the motions for attorneys fees before this

court within 15 days of the date of this Order.

Sanctions shall be paid by Stichting Mayflower and its counsel forthwith as apportioned

above.  Any motion to reconsider this Order that does not meet the standards for filing such a

motion shall be subject to sanctions to the court as well as fees and costs awarded to the opposing

party.

DATED this 15th day of October, 2007.

BY THE COURT:

_____

DALE A. KIMBALL
United States District Judge