IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATIONAL FONDS,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>THE CITY OF PARK CITY UTAH and UNITED PARK CITY MINES CO.<br><br>    Defendants and Counterclaim Plaintiffs. | **ORDER DENYING MOTION FOR PRETRIAL CONFERENCE AND DENYING MOTION FOR PROTECTIVE ORDER**<br><br>**Case No.  2:04cv925**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court are Defendant and Counterclaim Plaintiff United Park City Mines Company's ("UPCM") motion for a pretrial conference[1] and Plaintiffs and Counterclaim Defendants Stichting Mayflower Mountain Fonds and Stichting Mayflower Recreational Fonds's (collectively, "Stichting") motion for a protective order.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court

---

[1] *See* docket no. 190.

[2] *See* docket no. 192.

elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## DISCUSSION

### (1)  Motion for Rule 16(a) Pretrial Conference

UPCM requests that this court conduct a pretrial conference pursuant to rule 16(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 16(a).  UPCM requests this conference because it believes that "given the unique history and litigation of this action, . . . the [c]ourt's intervention in managing the discovery issues in this case would be helpful."[3]

Stichting opposes the motion on the grounds that "[d]iscovery is closed in this case."[4]  Stichting then asserts that "[u]ntil UPCM can allege a fact relating to conduct of [Stichting], the mere presumption that [Stichting has] conducted 'business' related to presumed 'interference' justifies no discovery."[5]

The court does not agree.  UPCM is entitled to conduct discovery on its counterclaim.  In an order dated February 22, 2008, Judge Kimball denied Stichting's renewed motion for summary judgment on UPCM's counterclaim on the basis that "*discovery is not complete* and there are questions of fact as to the conduct that occurred."[6]  Accordingly, contrary to Stichting's assertion, discovery is not closed.

---

[3] Docket no. 190.

[4] Docket no. 191.

[5] *Id.*

[6] Docket no. 179 (emphasis added).

Judge Kimball also instructed the parties to meet and confer regarding a proposed scheduling order. The parties have failed to do so. Accordingly, UPCM's motion for a rule 16(a) pretrial conference is **DENIED**. Within ten (10) days of the date of this order, counsel for Stichting and UPCM are ordered to meet and confer regarding a proposed scheduling order in this matter. The parties shall submit to the court a stipulated proposed scheduling order within fifteen (15) days of the date of this order. If the parties are unable to agree on proposed dates, each party shall submit to the court its proposed dates within fifteen (15) days of the date of this order and indicate why the parties could not agree. The court will then consider both proposed scheduling orders and enter a new scheduling order.

**(2)  Motion for a Protective Order**

Stichting seeks a protective order prohibiting UPCM from obtaining information regarding the identities, contact information, and investment interests of Stichting's passive investors, officers, and employees. Stichting contends that it is prohibited by the Dutch Personal Data Protection Act from collecting or disclosing such information without the consent of the individual for whom the information is sought. Conversely, UPCM asserts that the court should deny Stichting's motion on the grounds that Stichting did not confer with UPCM in an attempt to resolve the dispute without court intervention. In its reply, Stichting asserts that a previous motion to compel was accompanied by counsel's certificate that efforts to resolve the matter between counsel had failed and that certificate covers the requirement to confer with counsel for the instant motion.

The court does not agree. Federal Rule of Civil Procedure 26(c)(1) requires that a motion

for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). In addition, civil rule 37-1 of the United States District Court for the District of Utah Rules of Practice provides that

> the court will not entertain any discovery motion, unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion. Such statement must recite, in addition, the date, time and place of such consultation and the names of all participating parties or attorneys.

DUCivR 37-1(a). Stichting has failed to comply with the above-cited rules. The previous certification was provided by counsel for UPCM, not by counsel for Stichting, as required by the local rule. *See id.* (stating that "counsel for the moving party" must demonstrate that "the *attorney making the motion* has made a reasonable effort to reach agreement with opposing attorneys" (emphasis added)). Thus, the previous certification is not applicable to the instant motion for a protective order. Furthermore, the order granting the motion to compel was issued June 23, 2006. Nearly two years have passed since that time. As such, the court believes that it is imperative for the parties to meet and confer in an effort to resolve, or at least clarify, their respective positions regarding the information requested. Accordingly, Stichting's motion for a protective order is **DENIED** at this time. Stichting may renew its motion for a protective order if attempts to resolve the matter, after fulfilling the meet and confer requirement with UPCM, are unsuccessful.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED** that

(1)  UPCM's motion for a rule 16(a) pretrial conference[7] is **DENIED**.  It is further **ORDERED** that within ten (10) days of the date of this order, counsel for Stichting and UPCM shall meet and confer regarding a proposed scheduling order in this matter.  The parties shall submit to the court a stipulated proposed scheduling order within fifteen (15) days of the date of this order.  If the parties are unable to agree on proposed dates, each party shall submit to the court its proposed dates within fifteen (15) days of the date of this order and indicate why the parties could not agree.  The court will consider the proposed scheduling orders and enter a new scheduling order.

(2)  Stichting's motion for a protective order[8] is **DENIED** at this time.  Stichting may renew its motion for a protective order if attempts to resolve the matter, after fulfilling the meet and confer requirement with UPCM, are unsuccessful.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 190.

[8] *See* docket no. 192.