IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STITCHING MAYFLOWER MOUNTAIN FONDS and STITCHING MAYFLOWER RECREATIONS FONDS,<br><br>        Plaintiff,<br><br>v.<br><br>**THE CITY OF PARK CITY UTAH,**<br><br>**and**<br><br>**UNITED PARK CITY MINES CO.,**<br><br>        Defendants<br><br>**v.**<br><br>**ARIE CORNELIS BOGERD, ET AL.,** | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:04CV925DAK |

      On June 27, 2008, Jonathan Lee Richins, a federal prisoner at FCI Williamsburg, filed a pro se Motion to Intervene As Plaintiff under Federal Rule of Civil Procedure 24(b) and a Motion to Amend Complaint/Motion for Evidentiary Hearing in this matter.  Rule 24(b) allows permissive intervention if the filer "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).

The present case involves land use issues and a counterclaim that involves a business tort. Riches' motion alleges that the City of Park City, Utah has violated his due process rights because it will not remove a detainer against him, he is being discriminated against because he is a felon, he is not allowed to go skiing at Park City Resort, the city took his tax monies and sent it to a secret slush fund, and defendants are writing negative articles about him on Google.  None of Riches' allegations have anything in common with the questions of law or fact pertaining to this case.  Moreover, Riches does not cite to any statute, federal or otherwise, that gives him a conditional right to intervene.

The court concludes that the motion to intervene is wholly inappropriate and it is DENIED.  Riches' Motion to Amend/Motion for Evidentiary Hearing is also DENIED as it is moot.

DATED this 3rd day of July, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge