IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STITCHING MAYFLOWER MOUNTAIN FONDS and STITCHING MAYFLOWER RECREATIONS FONDS,<br><br>           Plaintiff,<br><br>v.<br><br>**THE CITY OF PARK CITY UTAH,**<br><br>and<br><br>**UNITED PARK CITY MINES CO.,**<br><br>           Defendants<br><br>v.<br><br>**ARIE CORNELIS BOGERD, ET AL.,** | ORDER<br><br>Case No. 2:04CV925DAK |

      This matter is before the court on Defendant United Park City Mines Company's ("UPCM") Motion to Amend and Supplement Counterclaim. The parties have fully briefed the motion. The court concludes that a hearing would not significantly aid in its determination of the motion. Having fully considered the motion and memoranda submitted by the parties as well as the facts and law relevant to this motion, the court enters the following Order.

      Defendants have brought a motion to amend their counterclaims under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

when justice so requires." Fed. R. Civ. P. 15(a).  In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. US West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Whether to grant leave to amend a pleading "is within the discretion of the trial court" and will not be disturbed absent a showing that the trial court has abused its discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971).

UPCM's proposed Amended Counterclaim seeks to add a claim under Utah law for wrongful use of civil proceedings.  In *Gilbert v. Ince*, 981 P.2d 841 (Utah 1999), the Utah Supreme Court relied on the Restatement (Second) of Torts's elements for a wrongful use of civil proceedings:

> "One who takes an active part in the initiation, continuation, or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if (a) he [or she] acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

*Id.* at 845 (quoting Restatement (Second) of Torts § 674).  UPCM's counterclaim alleges that Stichtings has pursued litigation against United park without cause, for the purpose of harassing and damaging United Park.

UPCM argues that its wrongful use of civil proceedings counterclaim could not be brought when it first filed its Answer and Counterclaim, but it became ripe as a result of this court's Memorandum Decision and Order of August 29, 2005 ("August 29 Order"), dismissing

Stichting's claims. Stichting, however, contends that the claim should not be brought until the appeal of this court's order is completed. As stated in the Restatement, "[a] claim for wrongful use of civil proceedings is not ripe until the underlying proceedings are 'terminated in favor of the person against whom they are brought.'" *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1266 (10th Cir. 2003). The issue, therefore, is whether the underlying proceedings are terminated.

Section 674 of the Restatement (Second) of Torts, which was relied on by the Utah Supreme Court to provide the elements of a claim for wrongful use of civil proceedings in Utah, contains comments relating to when a proceeding is considered terminated. The Comment on Clause (b) provides that a case may be terminated by "the favorable adjudication of the claim by a competent tribunal." Restatement (Second) of Torts § 674 comment on Clause (b) (1977). That adjudication is "a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail."

In this case, the court's August 29 Order is not a final adjudication of the claim. Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Even though the court's August 29 Order dismissed Stichting's claims, the order cannot be considered a final adjudication of the claim because that Order can be revised at any time prior to a final adjudication of all the claims in this action. Stichting attempted to appeal the court's dismissal of its claims, but the court denied Stichting's

request to certify the court's August 29 Order as final under Rule 54(b).  Although the court has not allowed Stichting to appeal the claims, the right to appeal this court's adjudication of the claims still exists at the conclusion of the case.  Given that the court's August 29 Order cannot be deemed a final order under Rule 54(b) and the Restatement's language stating that there is not a termination of the proceedings if an appeal is taken, the court concludes that UPCM's counterclaim for wrongful use of civil proceedings is premature.

Because the court finds that UPCM's counterclaim for wrongful use of civil proceedings is not yet ripe, UPCM's Motion to Amend and Supplement Counterclaim is DENIED.

DATED this 8th day of October, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge