IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATION FONDS,** Plaintiffs and Counterclaim Defendants, vs. **THE CITY OF PARK CITY UTAH,** and **UNITED PARK CITY MINES CO.** Defendants and Counterclaim Plaintiff, vs. **ARIE CORNELIS BOGERD,** an individual and citizen of Hei-en Boeicop, Netherlands, **MAYFINANCE CV,** a Netherlands commanditaire vennotschap, **STICHTING BEHEER MAYFLOWER PROJECT,** a Netherlands Foundation, and JOHN DOES 1 THROUGH 100, limited partners of MAYFINANCE and/or Managing Directors of STICHTING BEHEER MAYFLOWER PROJECT, Additional Counterclaim Defendants. | ORDER AFFIRMING MAGISTRATE ORDER AND EXTENDING DISCOVERY DEADLINES<br><br>Case No.  2:04CV925DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Paul M. Warner |

Before the court is Counterclaim Defendants Objection to Magistrate's Order and

Counterclaim Plaintiff United Park City Mines Company's ("United Park") Motion to Extend

Fact and Expert Discovery Deadlines.  The court has carefully reviewed the memoranda submitted by the parties and, pursuant to District of Utah local rule 7-1(f), elects to determine the motion on the basis of the written memoranda without oral argument.  *See* DUCivR 7-1(f).

This case is referred to Magistrate Judge Paul Warner pursuant to 28 U.S.C. § 636(b)(1)(A), which permits him to decide certain non-dispositive matters, subject to being set aside by the district judge if the determination is "clearly erroneous or contrary to law."  *See* Fed. R. Civ. P. 72(a); DUCivR 72-2(a)(5).  On October 21, 2008, Magistrate Judge Warner issued an Order Denying Motion for a Protective Order and Motion to Amend Scheduling Order.  Counterclaim Defendants object to that Order on several grounds.

The court finds no basis for Counterclaim Defendants' objections.  The Magistrate's Order did not infringe the Counterclaim Defendants' immunity.  This court previously held that Counterclaim Defendants had immunity for statements made within municipal proceedings.  That immunity, however, does not extend to the general time frame from when those proceedings were occurring nor does it preclude someone who participated in those proceedings from answering or participating in discovery in this matter with respect to activities that occurred outside of the municipal proceedings.

The court has already determined the immunity claim.  No discovery is necessary on that point.  The only discovery being conducted at this point in the litigation is discovery pertaining to activities outside the municipal proceedings.  The court does not agree that the requested discovery is in search of presently unknown or unpled behavior.  Although the court dismissed the counterclaim as it relates to statements within municipal proceedings, the court has found that the counterclaim also encompasses activities outside the municipal proceedings.  The court finds

no basis for altering or reversing the Magistrate's Order.  Accordingly, Counterclaim Defendants must respond to Counterclaim Plaintiff's discovery as directed in the Magistrate Judge's Order.

Counterclaim Plaintiffs filed a Motion to Extend Fact and Expert Discovery Deadlines for six months from the date of the court's order on the objections.  The court agrees that the discovery period should be extended given the interruption in discovery that has occurred.  Accordingly, the court sets a fact discovery deadline of July 15, 2009, and an expert discovery deadline of September 15, 2009.

Therefore, the court denies Counterclaim Defendants' objection to the Magistrate Judge's October 21, 2008 Order and affirms the Order in its entirety.  The court further grants Counterclaim Plaintiff's Motion to Extend Fact and Expert Discovery Deadlines as detailed above.

DATED this 13th day of January, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge