# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATION FONDS, | |
| Plaintiffs and Counterclaim Defendants, | ORDER |
| vs. | Case No.  2:04CV925DAK |
| THE CITY OF PARK CITY UTAH, | Judge Dale A. Kimball |
| and | Magistrate Paul M. Warner |
| UNITED PARK CITY MINES CO. | |
| Defendants and Counterclaim Plaintiff, | |
| vs. | |
| ARIE CORNELIS BOGERD, an individual and citizen of Hei-en Boeicop, Netherlands, MAYFINANCE CV, a Netherlands commanditaire vennotschap, STICHTING BEHEER MAYFLOWER PROJECT, a Netherlands Foundation, and JOHN DOES 1 THROUGH 100, limited partners of MAYFINANCE and/or Managing Directors of STICHTING BEHEER MAYFLOWER PROJECT, | |
| Additional Counterclaim Defendants. | |

Before the court is Counterclaim Defendants's (collectively "Stichting") Motion to Clarify Order and United Park City Mines's ("UPCM") Renewed Motion for Sanctions.  The court has carefully reviewed the memoranda submitted by the parties and, pursuant to District of Utah local

rule 7-1(f), elects to determine the motion on the basis of the written memoranda without oral argument.  *See* DUCivR 7-1(f).

Stichting seeks an order clarifying the court's January 13, 2009 Order on their Objection to Magistrate's Order.  Stichting states that the court neglected to specify the "activities outside the municipal proceedings" encompassed by UPCM's Counterclaim.  The court does not believe Stichting has a basis for requesting such a clarification.  The court has found that the Counterclaim is adequately pled and that Stichting is required to participate in discovery.  However, Stichting attempts to delay its requirement to participate in discovery by continually attacking the sufficiency of UPCM's pleading.  Stichting's disagreement with the court regarding the sufficiency of UPCM's pleading is not a basis for refusing to participate in discovery.  Stichting has been repeatedly ordered to respond to UPCM's discovery requests.   If Stichting continues to impede or obstruct discovery in this case, the court will award sanctions.

UPCM's pending motion for sanctions is based on Stichting's improper refusal to participate in discovery.  Stichting has not responded to the motion even though the time for their response has passed.  At this time, the court denies the motion for sanctions without prejudice.  However, if Stichting is not complying with this court's orders regarding discovery as of March 27, 2009, UPCM may refile its motion and the court will grant the relief it sought.

DATED this 27th day of February, 2009.

BY THE COURT:

*Dale A. Kimball*
DALE A. KIMBALL
United States District Judge