IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATION FONDS,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>THE CITY OF PARK CITY UTAH,<br><br>and<br><br>UNITED PARK CITY MINES CO.<br><br>Defendants and Counterclaim Plaintiff,<br><br>vs.<br><br>ARIE CORNELIS BOGERD, an individual and citizen of Hei-en Boeicop, Netherlands, MAYFINANCE CV, a Netherlands commanditaire vennotschap, STICHTING BEHEER MAYFLOWER PROJECT, a Netherlands Foundation, and JOHN DOES 1 THROUGH 100, limited partners of MAYFINANCE and/or Managing Directors of STICHTING BEHEER MAYFLOWER PROJECT,<br><br>Additional Counterclaim Defendants. | ORDER<br><br>Case No.  2:04CV925DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Paul M. Warner |

Before the court is Counterclaim Defendants's (collectively "Stichting") Motion to Disqualify.  Stichting's motion states that following this court's February 27, 2009 Order, the court's "impartiality might be reasonably questioned" under 28 U.S.C. § 455(a).  Under Section

455, "[d]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). "The trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church*, 289 F.3d 648, 659 (10th Cir. 2002).

The court's February 27 Order denied a motion to clarify the court's prior January 13, 2009 Order upholding Magistrate Judge Warner's prior discovery order. Stichting took issue with some of the court's language in its January 13, 2009 Order affirming Magistrate Judge Warner's prior order. In its February 27 Order, however, the court concluded that no further clarification was necessary. The court noted that Stichting's disagreement with the court regarding the sufficiency of UPCM's pleading is not a basis for refusing to participate in discovery. Stichting has disagreed with the court's ruling on the sufficiency of the pleading for four years.

The court does not believe that an order directing a party to participate in discovery on a claim demonstrates that the court is impartial. A finding that UPCM is entitled to discovery on its counterclaim does not demonstrate bias. The court routinely makes findings as to whether one party is entitled to discovery and whether pleadings are sufficient. Such findings do not demonstrate a bias in favor of one party even thought the ruling may be in one party's favor.

Stichting expects the court to identify all of the bases for UPCM's counterclaim prior to its participation in discovery. The court has no duty to make such findings prior to a party's participation in discovery. The court has denied motions to dismiss and motions for summary judgment in this case on the grounds that the pleadings are sufficient and discovery needs to take place. Stichting's repeated refusal to participate in discovery over a four-year period is

unprecedented before this court. Even so, the court has repeatedly declined to sanction Stichting.[1]

While the court's February 27 Order required Stichting to comply with the court's discovery orders, it denied a pending motion for sanctions and allowed Stichting time to comply. And, the court granted Stichting a reasonable amount of time in which to comply. Moreover, informing Stichting that its repeated motions to delay and obstruct discovery may result in default judgment against it as a sanction is reasonable given that facts and circumstances in this case.

Adverse rulings by a judge in a case are not grounds for disqualification. *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992), *United States v. Bray*, 546 F.2d 851, 857 (10th Cir.1976).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Litkey v. United States*, 510 U.S. 540, 555 (1994). In addition, the court has not ruled or acted based on any "extrajudicial source" as Stichting suggests. Throughout the course of the proceedings in this case, the court has made its rulings on each of the parties' motions based on the pleadings, motions, and memoranda submitted by the parties and the court's application of the facts presented as they apply to the relevant law.

The court concludes that its February 27, 2009 Order demonstrates no bias or impartiality against Stichting. The court has only asked Stichting to participate in discovery so that the merits of the counterclaim can come before the court on summary judgment or trial after a full and fair

---

[1] The only sanctions imposed against Stichting in this action were the result of the Tenth Circuit's direction to do so.

discovery period.  No reasonable person, knowing the procedural background of this case, would harbor any doubts about the court's impartiality.  Stichtings "'unsubstantiated suggestions, speculations, [and] opinions,' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *See Carpenter v. Boeing Co.*, 456 F.3d 1183, (10th Cir. 2006) (quoting *Bryce v. Episcopal Church*, 289 F.3d 648, 659-60 (10th Cir. 2002)).  Therefore, the court finds that there is no basis for the court to recuse in this case.  Accordingly, the court denies Stichting's Motion to Disqualify.

The court previously gave Stichting until March 27, 2009, to comply with the court's discovery orders.  Because Stichting has used its time to file this motion to disqualify, the court grants Stichting until April 23, 2009, to comply with the court's discovery orders.  The court will grant no further extensions of time on this issue.  The court notes that Stichting filed this motion one week prior to the court's deadline for Stichting's compliance with the court's discovery orders.  This timing appears to be another attempt to delay the proceedings in this case.  The court has repeatedly granted Stichting additional time to participate in discovery because of pending motions and disputes.  The court has given Stichting the benefit of the doubt that its motions were brought in good faith even though the court has never witnessed a case in which so many orders have been asked to be reconsidered.  The court cannot condone further delays.  This case is the court's fourth oldest pending case and, unlike the older cases, there is no reason for it to still be pending, let alone for it to be at a stage where participation in discovery is being disputed.  If Stichting has not complied with the court's discovery orders by April 23, 2009, UPCM may refile its motion for sanctions.

DATED this 23rd day of March, 2009.

                                      BY THE COURT:

                                      _____
                                      DALE A. KIMBALL
                                      United States District Judge