IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATION FONDS,** **Plaintiffs and Counterclaim Defendants,** vs. **THE CITY OF PARK CITY UTAH,** and **UNITED PARK CITY MINES CO.** **Defendants and Counterclaim Plaintiff,** vs. **ARIE CORNELIS BOGERD, an individual and citizen of Hei-en Boeicop, Netherlands, MAYFINANCE CV, a Netherlands commanditaire vennotschap, STICHTING BEHEER MAYFLOWER PROJECT, a Netherlands Foundation, and JOHN DOES 1 THROUGH 100, limited partners of MAYFINANCE and/or Managing Directors of STICHTING BEHEER MAYFLOWER PROJECT,** **Additional Counterclaim Defendants**. | AMENDED ORDER Case No.  2:04CV925DAK Judge Dale A. Kimball Magistrate Paul M. Warner |

Before the court is Plaintiffs and Counterclaim Defendants's (collectively "Stichting") Motion to Stay. Defendant and Counterclaim Plaintiff United Park City Mines Co. ("UPCM") filed an opposition memorandum, and Stichting filed a Request for Decision, without filing a reply

memorandum.  The court, therefore, enters the following order based on the memoranda submitted by the parties as well as the facts and law relevant to the motion.

Stichting's Motion to Stay requests the court to stay all proceedings in the district court pending its appeal.  Specifically, the court has set an April 23, 2009 deadline for Stichting to comply with the court's discovery orders or be subject to sanctions.  Stichting, however, claims that the discovery orders do not properly limit discovery because of its claimed immunity from suit.

On March 25, 2009, Stichting filed a Notice of Appeal of this court's February 27, 2009 Order.  In this court's March 27, 2009 Order, the court notified Stichting that it would not grant a Rule 54(b) certification because the court's February 27, 2009 Order denying Stichting's Motion to Clarify this court's January 13, 2009 Order affirming the Magistrate Judge's October 21, 2008 Order regarding discovery is not an order to which an appeal can be taken.  The motion to clarify asked the court to reconsider its order affirming the magistrate judge's discovery order and to identify factual allegations in UPCM's counterclaims.  The court refused to do so.  Stichting's appeal of the court's denial of its motion to clarify its order is not jurisdictionally permissible.

Contrary to Stichting's assertions, the present appeal does not concern Stichting's immunity from suit.  And, even if it did, it is untimely as the court resolved the immunity issue in 2005.  Since that time, the court has repeatedly ruled that Stichting enjoyed immunity from suit with respect to any conduct within the municipal proceedings, but did not enjoy immunity from suit for conduct occurring outside municipal proceedings.  Stichting raised similar immunity issues in its first unsuccessful appeal to the Tenth Circuit, and the court rejected its arguments.

A party moving to stay proceedings pending appeal must generally demonstrate (1) a

likelihood of success on the merits on appeal, (2) irreparable harm in the absence of a stay, (3) that other parties will not be substantially harmed by entry of a stay, and (4) the public interest favors a stay. *United States v. Various Tracts of Land*, 74 F.3d 197, 198 (10th Cir. 1996).

    Stichting has not attempted to meet these requirements. The court has already stated that the appeal is jurisdictionally improper. In addition, Stichting's prior appeal asserting immunity issues was not successful. There is no basis for determining that the present appeal will be successful. Although Stichting states that a stay would avoid further prejudice to it, compliance with the court's discovery orders does not constitute prejudice. In general discovery orders are not final orders that are subject to appellate review. *See Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992); *FTC v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985). Accordingly, the court denies Stichting's Motion to Stay.

    DATED this 23rd day of April, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge