IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STITCHING MAYFLOWER MOUNTAIN FONDS and STITCHING MAYFLOWER RECREATIONS FONDS,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF PARK CITY UTAH, and UNITED PARK CITY MINES CO.,<br><br>Defendants. | ORDER<br><br>Case No. 2:04CV925DAK |

This matter is before the court on two emergency motions filed by Plaintiffs and Counterclaim Defendants and their counsel ("Stichting"): (1) Emergency Motion to Strike Orders on Supplemental Proceedings and to Declare Such Orders Erroneous and Contrary to Law [Docket No. 366], filed March 12, 2010; and (2) Emergency Motion to Strike Ruling of Magistrate Judge As Clearly Erroneous and Contrary to Law, and Assignment of Errors Under Rule 72(A) [Docket No. 368], filed March 12, 2010. These motions are nearly identical to two emergency motions filed and addressed to the Chief Judge, which Chief Judge Tena Campbell denied on March 11, 2010.

Defendant Park City has filed a Motion to Strike the emergency motions because they were denied on their merits by the Chief Judge. Defendant United Park City Mines Co. ("UPCM") has joined in Park City's Motion to Strike. While the court agrees that the Chief Judge addressed the merits of the motions, the Chief Judge appears to have been most concerned

with the impropriety of directing the motion to the Chief Judge. As the district judge assigned to the case, this court determines it should further address the emergency motions on the merits and clarify the status of the case.

The court fully agrees with the analysis of the Chief Judge in her March 11, 2010 Order. Magistrate Judges in this District have standing authority under the local rules of this District to conduct supplemental proceedings. There is a Judgment in this case that has not been stayed by this court or the Tenth Circuit. Therefore, Magistrate Judge Warner appropriately scheduled supplemental proceedings. In addition, to the extent that a party objects to a ruling by a Magistrate Judge, it should direct its objection to the District Judge assigned to the case, not the Chief Judge.

Stichting's emergency motions, however, further assert that the court should not allow execution on the November 13, 2009 Clerk's Judgment because the Tenth Circuit is considering the jurisdictional propriety of its appeal based on the nature of the Judgment in this court. This court believes that it is appropriate for the Tenth Circuit to have jurisdictional concerns regarding the present appeal. Despite assertions made by the parties that this case has "concluded," UPCM has a counterclaim for which damages have not been assessed. This court's Order, dated September 11, 2009, and later amended on November 3, 2009, clearly stated that UPCM was granted default judgment as to liability on its counterclaim. *See* Amended Order, Nov. 3, 2009, at 6 ("UPCM is seeking as a sanction the entry of judgment only as to liability;" "The court need not determine whether a hearing is necessary to determine the appropriate damages because that issue is not presently before the court;" "The court can enter default judgment as to liability."). After discussing that UPCM was only seeking sanctions of a default judgment with respect to liability on its counterclaim, the court granted the motion and stated that the court shall enter

2

judgment against Stichting and in favor of UPCM. *See* Amended Order, Nov. 3, 2009, at 6 & 7. Given the court's discussion of the requested sanction, that language can only be construed to grant default judgment as to liability. The following sentences state that UPCM's motion to extend discovery deadlines was, therefore, moot "unless UPCM requires discovery on issues relating to damages." The court clearly did not grant default judgment as to damages on UPCM's counterclaim. Accordingly, there is no final judgment on the merits of UPCM's counterclaim.

In the same Order, dated September 11, 2009 and later amended on November 3, 2009, the court also addressed UPCM's Motion for Entry of Award and Judgment for Attorney Fees and Costs Pursuant to Order of the Tenth Circuit. UPCM's motion was based on a June 18, 2009, Tenth Circuit order dismissing Stichting's prior appeal and awarding UPCM attorney fees and costs as a sanction for the improper appeal. In this court's September 11, 2009 Order, the court awarded UPCM attorney fees in the amount of $19,966.72, payable jointly between Stichting and its counsel for the improper appeal. The court's Amended Order, dated November 3, 2009, was amended to incorporate past awards of attorney fees due and owing to both UPCM and Park City because the court learned Stichting had not yet paid any of the prior awards to either party. *See* Amended Order, Nov. 3, 2009 at 8 ("[T]he court includes and incorporates the previously entered awards and judgments herein and again orders Stichting to make such payments.")

Neither the court's September 11, 2009 nor the court's November 3, 2009 Amended Order specifically stated that UPCM and Park City were entitled to an immediate judgment with respect to the attorney fees awards they had been granted or that a final judgment should be entered on the merits of the case. The Court Clerk, however, entered a Clerk's Judgment on

3

November 13, 2009. The court believes that the language of that Clerk's Judgment is not entirely clear. However, the Clerk's Judgment can only be considered a judgment with respect to awards of attorney fees against Stichting and in favor of UPCM and Park City. The court believes that such a Judgment should have specifically stated that it was a judgment for attorney fees, as opposed to a judgment on the merits. The Clerk's Judgment is also deficient in not specifically identifying Park City as a party obtaining judgment in its favor. While the Clerk's Judgment states that prior awards and orders are incorporated and those prior awards and orders include an award of attorney fees in favor of Park City, it does not specifically identify Park City or the amounts awarded in its favor.

The November 13, 2009 Clerk's Judgment appears to have caused significant confusion in this case. The court directs that the November 13, 2009 Clerk's Judgment be amended to state that it is a judgment as to attorney fees awards, not the merits of the claims asserted by the parties in this action. The Amended Judgment should also specifically state that it is against Stichting and in favor of both UPCM and Park City. Finally, the Amended Judgment should specifically set out the court's prior awards as follows:

UPCM is entitled to judgment in its favor for attorney fees and costs awarded in its favor and against Stichting and its counsel (1) based on the court's September 11, 2009 Order, in the amount of $19,966.72, payable jointly between Stichting and its counsel, Craig Smay, (2) based on the court's February 22, 2008 Order, in the amount of $15,474.70, payable by Stichting, and (3) based on the court's October 15, 2007 Order, in the amount of $97,571.85, with 90% payable by Stichting and 10% payable by counsel, Craig Smay. Thus, UPCM is entitled to a total amount of attorney fees and costs in the amount of $133,013.27, payable by Stichting and/or its counsel as outlined.

Park City is entitled to judgment in its favor for attorney fees and costs awarded in its favor and against Stichting and its counsel (1) based on the court's February 22, 2008 Order, in the amount of $8232.93, payable by Stichting, and (2) based on the court's October 15, 2007 Order, in the amount of $42,852.15, with 90% payable by Stichting and 10% payable by counsel, Craig Smay. Thus, Park City is entitled to a total amount of attorney fees and costs in the amount of $51,085.08, payable by Stichting and/or its counsel as outlined.

Although UPCM's counterclaim still requires damages to be determined, it is not improper for the court to enter a separate judgment for attorney fees awards. The Tenth Circuit has recognized that judgments as to attorney fees are separate and distinct from judgments on the merits of the claims asserted by the parties. *RMA Ventures California v. SunAMerica Life Insurance Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009). "An award of attorneys' fees is 'collateral to and separate from the decision on the merits.'" *Id.* While a judgment for attorney fees is generally entered after the judgment on the merits, the Tenth Circuit has cited approvingly to a Seventh Circuit case stating that an attorney fees judgment can be entered and executed prior to the judgment on the merits. *See id.* (citing *Palmer v. City of Chicago*, 806 F.2d 1316, 1320 (7th Cir. 1986) (acknowledging that district courts have the power to enforce an award of fees even before entry of a final judgment).

In this case, such a judgment makes sense. The attorney fee awards to UPCM and Park City are entirely separate from the merits of the case. Regardless of the results with respect to damages on UPCM's counterclaim or the results of future appeals on the merits of all the claims asserted by the parties in this case, the awards of attorney fees will not be affected because they deal with completely separate conduct. The attorney fee awards were entered at the direction of the Tenth Circuit for Stichting's improper appeals. Such conduct cannot be undone. Moreover,

the awards have been due and owing for several years.

Accordingly, the judgment in favor of UPCM and Park City for attorney fees, which is separate from a judgment on the merits, can be executed upon separately. The *RMA* court recognized that "a judgment granting attorneys' fees is 'collected or executed in the same manner as any other money judgment." *Id.* "Because the award of attorneys' fees was a separate and final judgment, the district court here was entitled to take steps necessary to enforce its decision." *Id.* (citing *Peacock v. Thomas*, 516 U.S. 349, 359 (1996) ("To protect and aid the collection of a federal judgment, the Federal Rules of Civil Procedure provide fast and effective mechanisms for execution.")). Accordingly, UPCM and Park City properly sought, and Magistrate Judge Warner was within his authority to issue, orders for supplemental proceedings to collect on the money judgment. *See id.* (citing *Palmer*, 806 F.2d at 1320).

Because a judgment for attorney fees can be executed like any other judgment, there is no basis for Stichtings' contention that Magistrate Judge Warner's orders granting supplemental proceedings were unauthorized or erroneous. This court previously denied Stichting's motion to stay the judgment, as did the Tenth Circuit. UPCM and Park City, therefore, can move for supplemental proceedings on the attorney fees judgment. *See Cheves v. Williams*, 993 P.2d 191, 203-04 (Utah 1999) ("absent stay of judgment either by the trial court itself or by an appellate court pending appeal, a trial court has jurisdiction to enforce its judgment.")

As to Stichtings' specific claims that Mr. Bogerd cannot be present at the scheduled March 17, 2010 supplemental proceedings, the court finds the arguments without merit. Magistrate Judge Warner issued the orders setting the date and time for the supplemental proceedings with sufficient time for flights to be arranged. As Park City asserts, numerous flights were available only a few days ago. Stichting's counsel further states that Mr. Bogerd is

under doctor's orders not to travel. These doctor's orders, however, need not impact the supplemental proceedings. The parties can arrange for another individual to represent the Plaintiffs and Counterclaim Defendants or they can arrange a telephone conference with Mr. Bogerd.

Because of the apparent confusion resulting from the Clerk's Judgment and the parties resulting confusion as to status of the case, the court declines to grant Park City's motion to strike the emergency motions. The court believes that some analysis of the issue was necessary for a full understanding of Magistrate Warner's authority to allow supplemental proceedings on an attorney fees judgment prior to a final judgment on the merits of the parties' claims. Accordingly, the court also declines to award attorney fees to Park City or UPCM in connection with the emergency motions. The court notes, however, that it was entirely improper for Stichting to file a Request to Submit for Decision the same day it filed its motions. There are no grounds for proceeding ex parte on such motions, nor did Stichting cite to any in its motions. For the reasons stated above, the court also denies Stichting's emergency motions. If Stichting and its counsel are not present and ready to participate at the supplemental proceedings on March 17, 2010, they will face further sanctions from the court.

## CONCLUSION

Based on the above reasoning, Stichting's (1) Emergency Motion to Strike Orders on Supplemental Proceedings and to Declare Such Orders Erroneous and Contrary to Law [Docket No. 366] is DENIED, and (2) Emergency Motion to Strike Ruling of Magistrate Judge As Clearly Erroneous and Contrary to Law, and Assignment of Errors Under Rule 72(A) [Docket No. 368] is DENIED. Park City's Motion to Strike the emergency motions [Docket No. 371] is also DENIED. The Court Clerk is directed to amend the November 13, 2009 Clerk's Judgment

as outlined above.

DATED this 15th day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge