IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATIONAL FONDS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF PARK CITY UTAH,<br><br>Defendant,<br><br>UNITED PARK CITY MINES CO.,<br><br>Defendant/Counterclaim Plaintiff,<br><br>vs.<br><br>ARIE CORNELIS BOGERD, MAYFINANCE CV, STICHTING BEHEER MAYFLOWER PROJECT,<br><br>Counterclaim Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART UPCM'S MOTION FOR ENTRY OF FINAL JUDGMENT AND SANCTIONS<br><br><br>Case No. 2:04-CV-925 TS |

The matter is before the Court on United Park City Mines Co.'s ("UPCM") Motion for

Entry of Final Judgment and Sanctions. For the reasons discussed below, the Court will grant the

1

Motion in part and deny it in part. Specifically, the Court agrees that final judgment should be entered, but will not impose further sanctions at this time.

## I. BACKGROUND

On October 1, 2004, Stichting Mayflower filed a complaint against United Park City Mines ("UPCM") and Park City asserting various causes of action relating to the annexation and development of property it owns in Park City, some of which it owned as tenants in common with UPCM and some of which is adjacent to land owned by UPCM.[1] The complaint alleged six causes of action against both Park City and UPCM.[2] In response, UPCM filed counterclaims against Stichting Mayflower, and others related to Stichting Mayflower.[3]

On February 4, 2005, Park City filed a motion to dismiss Stichting Mayflower's complaint.[4] On March 10, 2005, Stichting Mayflower filed a motion for summary judgment against UPCM's counterclaims.[5] On August 29, 2005, this Court, per Judge Kimball, granted Park City's motion and dismissed Stichting Mayflower's complaint in its entirety.[6] In the same order, Judge Kimball granted in part and denied in part Stichting Mayflower's motion for

---

[1] Docket No. 1.

[2] *Id*.

[3] Docket No. 3.

[4] Docket No. 13.

[5] Docket No. 23.

[6] Docket No. 40.

2

summary judgment.[7] The order did not dismiss UPCM's counterclaims and accordingly ruled that discovery should proceed.[8]

On August 31, 2005, Stichting Mayflower filed a motion to dismiss the counterclaims.[9] On September 8, 2005, Stichting Mayflower also filed a motion for reconsideration of the August 29, 2005 Order.[10] On November 23, 2005, Judge Kimball denied the motion for reconsideration.[11]

On November 30, 2005, Stichting Mayflower filed an appeal to the Tenth Circuit.[12] Because of the status of the case, the Tenth Circuit stayed briefing on the appeal and notified Stichting Mayflower that it must obtain a final judgment or certification under rule 54(b) of the Federal Rules of Civil Procedure in order for the appeal to proceed.

In an order dated February 6, 2006, Judge Kimball denied both Stichting Mayflower's motion for entry of judgment under rule 54(b) and its motion to dismiss.[13] In that order, Judge Kimball stated that at the time Stichting Mayflower filed its appeal, "discovery had not even begun" and that "the court had only recently ruled that discovery should proceed on the

---

[7]*Id*.

[8]*Id*.

[9]Docket No. 43.

[10]Docket No. 46.

[11]Docket No. 60.

[12]Docket No. 61.

[13]Docket No. 77.

3

counterclaim."[14] The Court further stated that

> discovery should proceed on the counterclaims. Although Stichting Mayflower contends that UPCM's does not intend to do any discovery with respect to the counterclaims, UPCM has requested additional time because of the interruption from briefing several motions and the appeal. Given these circumstances, the court does not believe that granting UPCM additional time in which to conduct discovery is unreasonable.[15]

In that order, the Court also extended discovery an additional four months.[16]

On May 4, 2006, UPCM filed a motion to compel Stichting Mayflower to respond to its interrogatories and requests for the production of documents.[17] Stichting Mayflower argued that it did not have to respond to the discovery requests because this Court lost jurisdiction when the appeal was filed. On June 23, 2006, Judge Kimball ruled that this Court retained jurisdiction over the case and ordered Stichting Mayflower to respond to UPCM's discovery requests.[18] The Court stated that it "finds no reason for discovery not to proceed."[19] The Court also ordered that "[w]ithin twenty days of the date of this Order, Counterclaim Defendants must respond to Interrogatories 3 through 17, Requests for Production of Documents 6 through 28, and each Counterclaim Defendant shall respond separately. The discovery period shall be extended for

---

[14]*Id*.

[15]*Id*.

[16]*Id*.

[17]Docket No. 90.

[18]Docket No. 100.

[19]*Id*.

sixty days from the date of this Order."[20]

On June 29, 2006, Stichting Mayflower filed a motion to reconsider the court's June 23, 2006 order.[21] On January 31, 2007, Judge Kimball denied that motion and UPCM's motion for sanctions.[22]

On April 2, 2007, the Tenth Circuit dismissed the appeal and ruled that it lacked jurisdiction because the order appealed from was not a final judgment.[23] The Tenth Circuit granted Defendants' request for attorney fees and remanded for a determination of fees.[24]

On April 23, 2007, Stichting Mayflower filed a renewed motion for summary judgment.[25] In its motion, Stichting Mayflower argued that UPCM has admitted in its discovery responses that there are no facts to support its counterclaim. On the same date, UPCM filed a motion for sanctions for Stichting Mayflower's failure to adequately respond to its discovery requests.[26] On October 15, 2007, Judge Kimball denied Stichting Mayflower's motion for summary judgment

---

[20]*Id.*

[21]Docket No. 104.

[22]Docket No. 117.

[23]Docket No. 119.

[24]*Id.*

[25]Docket No. 120.

[26]Docket No. 122.

and granted in part and denied in part UPCM's motion for sanctions.[27] Specifically, Judge Kimball refused to enter judgment in favor of UPCM as a sanction, but he did rule that

> it is not appropriate for Stichting Mayflower to narrowly define "interference" in an attempt to avoid discovery. The discovery rules are intended to reach evidence that may lead to discoverable evidence. A party is not allowed to unilaterally narrow its discovery obligations. Although it is unclear whether Stichting Mayflower has actually avoided discovery as a result of this limited definition of interference, the court strikes those objections and responses and orders Stichting Mayflower to review its responses and disclose information and documents responsive to the requests.[28]

On October 25, 2007, Stichting Mayflower filed a motion for reconsideration of the Court's October 15, 2007 order.[29] Judge Kimball again denied the motion for reconsideration.[30] In that order, dated February 22, 2008, the Court stated that its denial of Stichting Mayflower's renewed motion for summary judgment was "based on the fact that discovery is not complete and there are questions of fact as to the conduct that occurred."[31]

Stichting Mayflower then unsuccessfully sought a writ of mandamus from the Tenth Circuit.[32]

---

[27]Docket No. 149.

[28]*Id.*

[29]Docket No. 150.

[30]Docket No. 179.

[31]*Id.*

[32]Docket No. 187.

On April 10, 2008, UPCM filed a motion for a scheduling conference.[33] On April 18, 2008, Stichting Mayflower filed a motion for a protective order.[34] Stichting Mayflower opposed the motion for a scheduling conference on the grounds that "[d]iscovery is closed in this case." Stichting Mayflower also asserted that "[u]ntil UPCM can allege a fact relating to conduct of [Stichting Mayflower], the mere presumption that [it has] conducted 'business' related to presumed 'interference' justifies no discovery."[35] In an order denying both motions, the Magistrate Judge stated that it

> does not agree [with Stichting Mayflower]. UPCM is entitled to conduct discovery on its counterclaim. In an order dated February 22, 2008, Judge Kimball denied Stichting's renewed motion for summary judgment on UPCM's counterclaim on the basis that "discovery is not complete and there are questions of fact as to the conduct that occurred." Accordingly, contrary to Stichting [Mayflower]'s assertion, discovery is not closed.[36]

On June 9, 2008, the Magistrate Judge issued an amended scheduling order in which it stated, "[f]rankly, the court is dumbfounded that Stichting Mayflower continues to hold this erroneous belief [that discovery is closed] in light of the fact that both this court and Judge Kimball have explicitly ruled that discovery on UPCM's counterclaims is not complete."[37]

---

[33]Docket No. 190.

[34]Docket No. 192.

[35]Docket No. 191.

[36]Docket No. 200.

[37]Docket No. 201.

On October 21, 2008, the Magistrate Judge ordered Plaintiffs to respond to discovery requests and warned that failure to do so may result in sanctions.[38] On February 27, 2009, Judge Kimball reiterated that Stichting had been repeatedly ordered to respond to UPCM's discovery requests and had failed to do so.[39] The Court stated that if Stichting did not comply with the Court's orders by March 27, 2009, it would impose sanctions.[40]

Stichting Mayflower then sought to disqualify Judge Kimball.[41] That Motion was denied, but Stichting Mayflower was given until April 23, 2009, to comply with the discovery requests, that deadline was later moved to April 30, 2009.[42] Another appeal was then filed.[43] That appeal was similarly dismissed for lack of jurisdiction.[44] UPCM's request for attorney fees was granted and the case was remanded for a determination of those fees.[45]

Stichting Mayflower did not comply with the Court's discovery deadlines as ordered. As a result of Stichting Mayflower's continued failures, the Court entered judgment against

---

[38]Docket No. 237.

[39]Docket No. 257.

[40]*Id*.

[41]Docket No. 259.

[42]Docket No. 261.

[43]Docket No. 262.

[44]Docket No. 285.

[45]*Id*.

Counterclaim Defendants and in favor of UPCM on UPCM's counterclaims.[46] The Court also awarded attorney fees pursuant to the Tenth Circuit's mandate.[47]

Another Motion to Amend and another appeal followed.[48] Again the appeal was dismissed for lack of jurisdiction.[49] An Amended Judgment was entered on March 15, 2010.[50] Yet another appeal was filed and again dismissed.[51] The case was then reassigned to the undersigned.[52]

## II. DISCUSSION

UPCM now moves for the entry of final judgment and sanctions against Counterclaim Defendants. UPCM seeks the entry of final judgment, explaining that it seeks no further discovery on damages and only requests nominal damages. UPCM also seeks sanctions based on Stichting's two recent appeals, as well as the fees and costs incurred in connection with this Motion.

---

[46]Docket No. 301.

[47]*Id*.

[48]Docket Nos. 302 & 310.

[49]Docket No. 336.

[50]Docket No. 375.

[51]Docket Nos. 391 & 400.

[52]Docket No. 401.

A.     FINAL JUDGMENT

UPCM requests that the Court issue a final order on the merits of its counterclaims in this action. As set forth above, the Court entered judgment in favor of UPCM and against the Counterclaim Defendants on UPCM's counterclaims as a result of Counterclaim Defendant's failures to comply with the Court's orders concerning discovery.[53] Thus, the only issue remaining in this case is a determination of damages on the counterclaims. UPCM represents that it seeks no damage-related discovery and seeks only nominal damages. As a result UPCM states that it "is aware of no reason why a final judgment on the merits of [UPCM's] counterclaim should not be granted."[54]

Stichting Mayflower agrees that final judgment should now be entered, arguing that it is "long overdue."[55] However, Stichting Mayflower argues that the Court must dismiss UPCM's counterclaims.

The Court agrees that the entry of final judgment is appropriate at this time. The Court has already determined the issue of liability of the counterclaims and has entered judgment against Stichting Mayflower on the counterclaims as a sanction. The only remaining issue was the determination of damages. UPCM seeks no further discovery on damages and requests only nominal damages. The Court finds this request appropriate and will amend the previously entered judgment accordingly.

---

[53] Docket No. 301.

[54] Docket No. 409.

[55] Docket No. 412.

Stichting Mayflower's response to UPCM's Motion offers nothing that would prevent the Court from entering final judgment as requested by UPCM. The response only offers arguments which have been repeatedly rejected by the Court. Therefore, the Court will grant UPCM's Motion and will enter final judgment in this matter.

B.  SANCTIONS

UPCM's points to two things in support of its request for sanctions: (1) Stichting's recent appeals to the Tenth Circuit; and (2) the costs incurred in connection with this Motion. The Court finds that neither justifies sanctions by this Court.

UPCM argues that sanctions are appropriate due to Stichting Mayflower's two recent appeals to the Tenth Circuit, which were dismissed due to a lack of jurisdiction. The Court finds that the appropriate forum to seek sanctions for frivolous appeals is the Court of Appeals.[56] Here, the Tenth Circuit previously issued sanctions, but chose not to do so in relation to the two latest appeals. As the Tenth Circuit chose not to award sanctions for these appeals, the Court similarly declines to do so.

UPCM also argues that sanctions are appropriate for the costs incurred in connection with this Motion. However, as set forth above, the issue of damages on UPCM's counterclaims was,

---

[56]F.R.App.P. 38 ("If a *court of appeals* determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.") (emphasis added); *see also In re Villa West Assoc.*, 146 F.3d 798, 808 (10th Cir. 1998) ("[T]he determination of the right to sanctions . . . for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs.") (citation omitted)).

until now, an open question. Further, the instant Motion was brought by UPCM. UPCM cannot be heard to complain of the costs associated with the filing of its own Motion.

UPCM generally seeks sanctions against Stichting Mayflower for its conduct throughout this entire litigation. While Stichting Mayflower's conduct in this case has certainly been lamentable, the Court finds no reason to award any further sanctions. The Court has already imposed sanctions by entering judgment against Stichting Mayflower on UPCM's counterclaims. Further, the Court has entered a judgment for attorney's fees against Stichting Mayflower and its counsel pursuant to the Orders of the Tenth Circuit. The Court finds no basis for any additional award of sanctions at this time.

### III. CONCLUSION

It is therefore

ORDERED that UPCM's Motion for Entry of Final Judgment and Sanctions (Docket No. 408) is GRANTED IN PART AND DENIED IN PART as set forth above. It is further

ORDERED that Stichting Mayflower's Motion to Strike (Docket No. 417) is DENIED.

The Clerk of the Court is directed to amend the March 15, 2010 Judgment (Docket No. 375) to include damages in the amount of $1 in favor of UPCM and against the Counterclaim Defendants on UPCM's Counterclaims.

The Clerk of the Court is directed to close this case forthwith.

DATED January 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge