IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATIONAL FONDS,<br><br>  Plaintiffs,<br><br>vs.<br><br>THE CITY OF PARK CITY UTAH,<br><br>  Defendant,<br><br>UNITED PARK CITY MINES CO.,<br><br>  Defendant/Counterclaim Plaintiff,<br><br>vs.<br><br>ARIE CORNELIS BOGERD, MAYFINANCE CV, STICHTING BEHEER MAYFLOWER PROJECT,<br><br>  Counterclaim Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING STICHTING MAYFLOWER'S OBJECTION TO MAGISTRATE JUDGE'S RULING<br><br><br><br>Case No. 2:04-CV-925 TS |

The matter is before the Court on Stichting Mayflower's Objection to the Magistrate Judge's Order granting Park City's Motion for Writ of Execution. For the reasons discussed below, the Court will overrule the objection.

I. BACKGROUND

Judgment has been entered in favor of Defendant United Park City Mines Company ("UPCM") against Plaintiff and Counterclaim Defendants.[1] An Amended Judgment has also been entered awarding attorney's fees to both UPCM and Defendant Park City.[2]

In an effort to collect on the Judgment, Park City filed a Motion for Writ of Execution.[3] Stichting Mayflower objected,[4] and the Magistrate Judge held an evidentiary hearing on the Motion.[5] The Magistrate Judge issued a Memorandum Decision and Order granting the Motion and issuing a Writ of Execution.[6] Stichting Mayflower now objects to that decision.

II. DISCUSSION

Federal Rule of Civil Procedure 69(a)(1) provides:

A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and

---

[1] Docket No. 322.

[2] Docket No. 375.

[3] Docket No. 403.

[4] Docket No. 404.

[5] Docket No. 410.

[6] Docket No. 411.

in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.[7]

Under Utah Rule of Civil Procedure 64E, "[a] writ of execution is available to seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money."[8] To obtain a writ of execution, the plaintiff shall file an application stating: (1) the amount of the judgment or order and the amount due on the judgment or order; (2) the nature, location and estimated value of the property; and (3) the name and address of any person known to the plaintiff to claim an interest in the property.[9]

Stichting Mayflower first argues that Park City's Motion is deficient because it does not comply with Utah Rule of Civil Procedure 64E as it does not state: (1) the "nature" of the subject property; (2) the estimated value of the property; and (3) persons known to claim an interest. The Court disagrees. From the description contained in the Motion, it is clear that the nature of the property is real property. Further, the estimated value of the property was made clear at the evidentiary hearing conducted by the Magistrate Judge. Finally, there is no evidence that another person or entity claims an interest in the property. Therefore, the Court finds that the Motion meets the requirements of Utah Rule of Civil Procedure 64E and Stichting Mayflower's objections thereto must be rejected.

---

[7] Fed.R.Civ.P. 69(a)(1).

[8] UtahR.Civ.P. 64E(a).

[9] UtahR.Civ.P. 64E(b).

Stichting Mayflower also argues, pursuant to Utah Rule of Civil Procedure 69A, that Park City may not execute upon the property because it is worth more than the amount of the debt. Utah Rule of Civil Procedure 69A provides:

> Unless otherwise directed by the writ, the officer shall seize property as follows:
> (a) Debtor's preference. When there is more property than necessary to satisfy the amount due, the officer shall seize such part of the property as the defendant may indicate. If the defendant does not indicate a preference, the officer shall first seize personal property, and if sufficient personal property cannot be found, then the officer shall seize real property.
> (b) Real property. Real property shall be seized by filing the writ and a description of the property with the county recorder and leaving the writ and description with an occupant of the property. If there is no occupant of the property, the officer shall post the writ and description in a conspicuous place on the property. If another person claims an interest in the real property, the officer shall serve the writ and description on the other person.[10]

The Court cannot read Rule 69A as Stichting Mayflower does. If the Court were to do so, it would nullify Utah Rule of Civil Procedure 69B(e), which provides guidance when the sale of real property results in an amount in excess of the judgment amount. That provision provides, in pertinent part:

> The officer shall apply the property in the following order up to the amount due or the value of the property, whichever is less:
> (e)(1) pay the reasonable and necessary costs of seizing, transporting, storing and selling the property;
> (e)(2) deliver to the plaintiff the remaining proceeds of the sale;
> (e)(3) deliver to the defendant the remaining property and proceeds of the sale.

Under this provision, the proper procedure for when the value of the property exceeds the amount of the judgment is not the denial of a motion for a writ of execution. Rather, the proper procedure is that the judgment debtor is provided the remaining property and proceeds of the

---

[10] UtahR.Civ.P. 69A.

sale. Thus, if the sale of the property at issue here results in an amount greater than the judgment, Stichting Mayflower would be entitled to the remaining proceeds of the sale.

III.  CONCLUSION

It is therefore

ORDERED that Stichting Mayflower's Objection to the Magistrate Judge's Order (Docket No. 413) is OVERRULED.

DATED   January 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge