IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATIONAL FONDS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF PARK CITY UTAH,<br><br>Defendant,<br><br>UNITED PARK CITY MINES CO.,<br><br>Defendant/Counterclaim Plaintiff,<br><br>vs.<br><br>ARIE CORNELIS BOGERD, MAYFINANCE CV, STICHTING BEHEER MAYFLOWER PROJECT,<br><br>Counterclaim Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO STAY AND MOTION FOR HEARING<br><br><br><br>Case No. 2:04-CV-925 TS |

     This matter is before the Court on Plaintiffs' Motion to Stay and Motion for Hearing. In both Motions, Plaintiffs object to the Magistrate Judge's Orders granting United Park City Mines

1

Company's ("UPCM") Motion for Writ of Execution and Amended Application for Writs of Garnishment.

The basis for both of Plaintiffs' Motions is the same. Plaintiffs argue that, before issuing the writs, the Magistrate Judge was required to hold a hearing. Plaintiffs point to Utah Rule of Civil Procedure 64E(d) in support of this argument. Rule 64E(d) provides:

> (1) The defendant may reply *to the writ* and request a hearing. The reply shall be filed and served within 10 days *after service of the writ* and accompanying papers upon the defendant.
> (2) *The court shall set the matter for an evidentiary hearing as soon as possible and not to exceed 14 days*. If the court determines that the writ was wrongfully obtained, or that property is exempt from seizure, the court shall enter an order directing the officer to release the property. If the court determines that the writ was properly issued and the property is not exempt, the court shall enter an order directing the officer to sell or deliver the property. If the date of sale has passed, notice of the rescheduled sale shall be given. No sale may be held until the court has decided upon the issues presented at the hearing.
> (3) If a reply is not filed, the officer shall proceed to sell or deliver the property.[1]

Based on this language, Plaintiffs argue that the Magistrate Judge was required to hold a hearing before granting the Motion for Writ of Execution and Amended Application for Writs of Garnishment.

The language of the rule does not support Plaintiffs' interpretation. Nothing in the rule requires the Magistrate Judge to hold a hearing on an application or motion for a writ. Rather, a hearing is only required once the writ is issued and served. At that point, Plaintiffs could reply to the writ and request a hearing. The Magistrate Judge would then be required to set the matter for an evidentiary hearing pursuant to Rule 64E(d).

---

[1] Utah Rule of Civil Procedure 64E(d) (emphasis added).

That is not what occurred in this case.  Here, Plaintiffs objected to UPCM's Motion for Writ of Execution and Amended Application for Writs of Garnishment.  There was no requirement that the Magistrate Judge hold a hearing on the Motion or Application, or Plaintiffs' objections thereto.  As this is the only ground for Plaintiffs' Motions, they must be denied.  It is therefore

ORDERED that Plaintiffs' Motion to Stay and Motion for Hearing (Docket Nos. 441 and 442) are DENIED.

DATED   January 10, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge